**DAVID R. OWENS**, CA State Bar No. 180829
dowens@owenstarabichi.com
**OWENS TARABICHI LLP**
111 N. Market St., Suite 730
San Jose, California 95113
Telephone:   408-298-8200
Facsimile:    408-521-2203
*Pro Hac Vice*

Robert A. Huntsman. ISB #5345
HUNTSMAN LAW GROUP, PLLC
10400 W. Overland Road, #174
Boise, ID  83709

Attorneys for Plaintiff
Clip Ventures LLC

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| CLIP VENTURES LLC, a California limited liability company,<br><br>                      Plaintiff,<br><br>vs.<br><br>U-DIG-IT ENTERPRISES, INC., an Oregon corporation,<br><br>                      Defendant. | Case No. 1:10-cv-00529-EJL<br><br>**PLAINTIFF CLIP VENTURES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE EACH OF DEFENDANT U-DIG-IT ENTERPRISES, INC.'S AFFIRMATIVE DEFENSES EXCEPT ITS FIFTH AFFIRMATIVE DEFENSE** |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.      INTRODUCTION

On November 5, 2010, Defendant U-Dig-It Enterprises, Inc. ("U-Dig-It) filed an Answer to Plaintiff Clip Ventures LLC ("Clip Ventures") Complaint for false patent marking based on U-Dig-It's marking its shovels with an expired patent.  U-Dig-It filed an Answer to the Complaint.  However, the Answer contained six affirmative defenses that contained no supporting factual allegations whatsoever.  As such, Clip Ventures does not have sufficient

notice of the bases for such defenses and moves to strike the first through fourth affirmative defenses and the sixth affirmative defense (mistakenly entitled "fourth affirmative defense").

## II.  DEFENDANTS' DEFICIENT AFFIRMATIVE DEFENSES

On November 5, 2010, U-Dig-It filed an Answer to Clip Ventures' Complaint for False Marking.  (PACER Doc. #34)  In its Answer, U-Dig-It set forth six affirmative defenses.  These defenses are reproduced in their entirety below.

### First Affirmative Defense
1. As a separate defense to the Complaint and the cause of action therein, Defendant alleges that Plaintiff does not have standing to bring this action.

### Second Affirmative Defense
2. As a separate defense to the Complaint and the cause of action therein, Defendant alleges that Plaintiff's Complaint fails to plead a claim upon when relief can be granted under 35 U.S.C. § 292 with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

### Third Affirmative Defense
3. As a separate defense to the Complaint and the cause of action therein, Defendant alleges that Plaintiff's alleged marking of the shovel does not amount to a violation of 35 U.S.C § 292, and, for that reason, Plaintiff fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense
4. As a separate defense to the Complaint and the cause of action therein, Defendant alleges, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Plaintiff fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense
5. As a separate defense to the Complaint and the cause of action therein, Defendant alleges that, at least to the extent Plaintiff alleges that it and the United States are entitled to any damages under 35 U.S.C. § 292(a) stemming from actions occurring more than five years prior to the initiation of this action, the claim is barred by the applicable statute of limitations.

### Fourth [sic] Affirmative Defense
6. As a separate defense to the Complaint and the cause of action therein, Defendant alleges that Plaintiff's claim is barred by the equitable doctrines of waiver, estoppel, and laches.

However, each of the affirmative defenses is nothing more than a bare reference to the legal doctrine without any factual support.

**III.     ARGUMENT**

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Federal Deposit Insurance Corporation v. JSA Appraisal Service*, 2010 U.S. Dist. LEXIS 109408, at *3 (N.D. Cal. 2010). In this regard, "[a]ffirmative defenses are governed by the same pleading standard as complaints." *Quabon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); Fed. R. Civ. P. 8. The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Affirmative defenses pleaded "'in perfunctory fashion, without any supporting factual allegations' are insufficient"; "[i]ndeed, bare statements reciting mere legal conclusions do not provide plaintiff with fair notice of the defense asserted." *CTF Development, Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *21 (N.D. Cal. 2009).

U-Dig-It's Answer contains six affirmative defenses each of which is completely devoid of any factual allegations and consists of nothing more than a general and conclusory reference to legal doctrine. There are no allegations of fact that explain how the alleged affirmative defense might be applicable. As such, they are wholly deficient. As such, each of these affirmative defense must be stricken, noting that Clip Ventures is only requesting that the first through fourth affirmative defenses and the sixth affirmative defense (mistakenly entitled "fourth affirmative defense) be stricken. Clip Ventures is not requesting that the fifth affirmative defense regarding the statute of limitations on damages be stricken.

## IV.     CONCLUSION

U-Dig-It's affirmative defenses in its Answer merely recite the name of certain legal defenses and are otherwise completely devoid of any factual allegations to support such defenses.  Forthis reason, Clip Ventures respectfully requests that the Court strike the first through fourth affirmative defenses and the sixth affirmative defense (mistakenly entitled "fourth" affirmative defense) in U-Dig-It's Answer.

Dated: November 29, 2010              Respectfully submitted,

OWENS TARABICHI LLP

By  /s/ David R. Owens
    David R. Owens
    Attorneys for Plaintiff
    Clip Ventures LLC

HUNTSMAN LAW GROUP, PLLC

By  /s/Robert A. Huntsman
    Robert A. Huntsman
    Attorneys for Plaintiff
    Clip Ventures LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of November, 2010, I filed the following:

    PLAINTIFF CLIP VENTURES, LLC'S NOTICE OF MOTION AND MOTION TO STRIKE EACH OF DEFENDANT U-DIG-IT ENTERPRISES, INC.'S AFFIRMATIVE DEFENSES EXCEPT ITS FIFTH AFFIRMATIVE DEFENSE

    PLAINTIFF CLIP VENTURES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE EACH OF DEFENDANT U-DIG-IT ENTERPRISES, INC.'S AFFIRMATIVE DEFENSES EXCEPT ITS FIFTH AFFIRMATIVE DEFENSE

electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Elizabeth Herbst Schierman, Attorney for Defendant U-Dig-It
    (schierman@dykaslaw.com, ecf@dykaslaw.com, EHSchierman@dsnlaw.com, EHSchierman@gmail.com)

Date: November 29, 2010   By: /s/ David R. Owens
                                          David R. Owens
                                          Attorney for Movant
                                          Admitted *Pro Hac Vice*