Elizabeth Herbst Schierman (ISB No. 7208)
schierman@dykaslaw.com
DYKAS & SHAVER, LLP
1403 W. Franklin St.
P.O. Box 877
Boise, Idaho 83701
Tel:  (208) 345-1122
Fax:  (888) 388-6035

*Attorneys for Defendant*
*U-Dig-It Enterprises, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CLIP VENTURES LLC, a California limited liability company, | )<br>)<br>) |
| Plaintiff, | ) Case No. CV 10-529-S-EJL<br>)<br>) |
| v. | ) **MEMORANDUM IN OPPOSITION TO**<br>) **PLAINTIFF'S MOTION TO STRIKE**<br>) |
| U-DIG-IT ENTERPRISES, INC., an Oregon corporation, | )<br>)<br>) |
| Defendant. | )<br>) |

By its Motion to Strike (Document 42), Plaintiff seeks to have the Court strike all but one of the defenses raised by Defendant in its Answer (Document 34) for the reason that "Clip Ventures does not have sufficient notice of the bases for such defenses." *Pl.'s Mem. Supp. Mot Strike*, pp. 1–2 (Document 42-1). Defendant does not oppose Plaintiff's motion to strike that which was included in the Answer in error as the "Fourth Affirmative Defense," and, notably, Plaintiff has not moved to strike Defendant's fifth defense. However, the first through fourth defenses should not be stricken because Plaintiff has been given sufficient notice of the basis for these defenses.

Motions to strike are generally disfavored and rarely granted. *Ross v. Ada County*, No. CV 09-657-CWD, 2010 U.S. Dist. LEXIS 80610, at *13–14 (D. Idaho Aug. 2, 2010) (citing

*Tonka Corp. v. Rose Art Indus.*, 836 F. Supp. 200, 217 (D.N.J., 1993); *Pease & Curren Ref., Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), *abrogated on other grounds by NRDC v. Kempthorne*, 539 F. Supp. 2d 1155 (E.D. Cal. 2008). Further, when defenses are stricken, leave is generally granted to file an amended pleading. *U.S. v. Green*, 33 F. Supp. 2d 203, 212 (W.D.N.Y. 1998).

A. **Plaintiff Has Had Sufficient Notice of the Basis for Defendant's First Through Fourth Defenses.**

The first through fourth defenses, which Plaintiff seeks to have stricken for the reason of a lack of "sufficient notice of the bases for such defenses," raise defenses related to standing, the requirement that Plaintiff plead a claim upon which relief can be granted, and the heightened pleading requirements of Rule 9(b) in allegations of patent false marking under 35 U.S.C. § 292. Plaintiff received ample notice of Defendant's bases for these defenses in Defendant's Motion to Transfer, or, Alternative to Dismiss, or, Alternatively to Stay (Document 4). In that motion, Defendant presented the grounds for dismissing the Plaintiff's Complaint due to Plaintiff's failure to state a claim upon which relief can be granted, including the heightened pleading requirements of Rule 9(b), and for Plaintiff's lack of standing. *Def.'s Not of Mot.*, p. 5 (Document 4). Accordingly, Plaintiff has had sufficient notice of the bases for Defendant's first through fourth defenses, and these defenses, along with the fifth defense, should not be stricken from the Answer.

B. **If Defenses Are Stricken, Defendant Should Be Given Leave to Amend Its Answer.**

There is no reason why Defendant should be treated differently than the general defendant of a civil action. Accordingly, as is generally allowed when defenses are stricken, if

Plaintiff's motion to strike is granted, Defendant should be afforded leave to file an amended Answer.

The foregoing Memorandum in Opposition to Plaintiff's Motion to Strike is submitted this 23rd day of December, 2010, by

    /Elizabeth Herbst Schierman/
Elizabeth Herbst Schierman
*schierman@dykaslaw.com*
DYKAS & SHAVER, LLP
P.O. Box 877
Boise, ID  83701
Phone :  (208) 345-1122
Facsimile:  (888) 388-6035
*Attorney for Defendant  U-Dig-It Enterprises, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of December, 2010, I filed the foregoing Memorandum in Opposition to Plaintiff's Motion to Strike electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Bruno W. Tarabichi, *Attorney for Plaintiff*
btarabichi@owenstarabichi.com

David Richard Owens, *Attorney for Plaintiff*
dowens@owenstarabichi.com

Elizabeth Herbst Schierman, *Attorney for Defendant*
schierman@dykaslaw.com, ecf@dykaslaw.com, EHSchierman@dsnlaw.com, EHSchierman@gmail.com

　　　　　　　　　　　　　　　　　　/Elizabeth Herbst Schierman/
　　　　　　　　　　　　　　　　　Elizabeth Herbst Schierman
　　　　　　　　　　　　　　　　　*schierman@dykaslaw.com*
　　　　　　　　　　　　　　　　　DYKAS & SHAVER, LLP
　　　　　　　　　　　　　　　　　P.O. Box 877
　　　　　　　　　　　　　　　　　Boise, ID  83701
　　　　　　　　　　　　　　　　　Phone:  (208) 345-1122
　　　　　　　　　　　　　　　　　Facsimile:  (888) 388-6035

　　　　　　　　　　　　　　　　　*Attorney for Defendant U-Dig-It Enterprises, Inc.*